■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ROSS, True Name GREGORY LAWSON, Appellant.—Judgment of the Supreme Court, New York County, rendered January 4, 1978, convicting defendant, on his plea of guilty, of rape in the first degree, and robbery in the first degree, and sentencing him to concurrent terms of 12½ to 25 years, is modified, on the law, and as a matter of discretion in the interest of justice, to the extent of vacating the sentence and remanding the case for resentencing, and otherwise affirmed. At the time the plea was offered and accepted, conditions of the plea were set forth, in detail, by the People, and by the counsel for the defendant. One of the conditions set forth was that the defendant would provide the People with information which would enable them to locate the defendant's actual accomplice who was subsequently arrested, resulting in the freeing of an innocent person who had been arrested in error as a codefendant. On the instant record we cannot determine whether adequate consideration was given to defendant's aforesaid co-operation by the sentencing court. This disposition should not be considered a disapproval of the sentence imposed nor is it a direction that it should be reduced. Concur—Fein, J. P., Sullivan, Lane and Ross, JJ.

Lupiano, J., dissents in part in a memorandum, as follows: On January 20, 1976, defendant and another man used a .22 caliber pistol to force their way into the apartment of a male victim in Manhattan. The victim was bound, sodomized and held captive while the perpetrators entertained two female friends. The perpetrators eventually left, taking personal property of the victim with them. On May 9, 1976, defendant—this time with a different accomplice—used a .22 caliber pistol to force entry into the apartment of a female victim. The two perpetrators threatened the female victim and her male guest and bound them both. Subsequently, the perpetrators entered the apartment of another female victim, in the same building and forced the latter to accompany them to the apartment where the first female victim and her companion were bound. The three victims were threatened with a knife and gun, the two women raped and sodomized and the apartments burglarized. The victims were left bound while the perpetrators fled with their loot. Defendant committed all these crimes while released on bail for his conviction under Indictment No. 363/76 for criminal possession of a dangerous weapon in the third degree. Obviously, the enjoyment of liberty while awaiting sentencing for this felony meant no more to this defendant than the availment of a further opportunity to engage in criminal endeavors against his fellow man. Thus the dispensation of bail unfortunately had dire consequences. On January 26, 1977, defendant was sentenced for that conviction to an indeterminate prison term of from three to six years. For his criminal activities on January 20, 1976, defendant was charged in Indictment No. 320/77 with kidnapping in the first degree, burglary in the first degree, robbery in the first and second degrees and sodomy in the first degree. For his criminal activities on May 9, 1976, defendant was charged in Indictment No. 588/77 with two counts of rape in the first degree, five counts of robbery in the first degree, three counts of sodomy in the first and

second degrees and three counts of burglary in the first degree. On October 5, 1977, defendant pleaded guilty to burglary in the first degree under the third count of Indictment No. 320/77 to fully cover that indictment and to rape in the first degree under the eighth count of Indictment No. 588/77 to fully cover that indictment. The People and the defense set out the conditions of defendant's pleas before the court questioned defendant. The *People's understanding* of the conditions was that: (1) both pleas were to "open" class B felonies, (2) there would be "a very complete arraignment as to each charge but particularly as to the details of the rape case," (3) defendant would "provide the People with detailed information that would enable [them] to locate" defendant's actual accomplice in the rape case, and (4) that the People would "have a right to speak on sentence and ask for a maximum sentence which would be twelve and a half to twenty-five years *consecutive to* the sentence the defendant [was] already serving should the information prove to be erroneous" (emphasis added). The defense counsel clarified the condition that the sentences for the pleas under Indictment Nos. 320 and 588 of 1977 would "run concurrently with each other, but not concurrently with any undischarged term". The People and the defense agreed that the minimum of the undischarged term would merge in the minimum term to be imposed in the instant case. *The court then made it clear to the defendant that a maximum term of up to 30 years' imprisonment could be imposed.* Defendant acknowledged this advice from the court. Defense counsel stated that his client believed that the court would consider his co-operation in deciding not to impose a maximum sentence. The court declared that it would consider defendant's prospective co-operation, but that the scope of punishment was up to 30 years in the event the court was not persuaded to impose a lesser maximum sentence. The court further stated that it was of the initial opinion that it would not impose a 30-year maximum, but that defendant might get 12½ to 25 years. In pleading guilty, the defendant gave a detailed description of the crimes on May 9, 1976 and identified his accomplice. A different individual was being held as a suspect by the police of the May 9, 1976 crimes. Subsequently, the court took defendant's plea of guilty to burglary in the first degree to cover Indictment No. 320/77. The conditions enumerated above were restated. Defense counsel conceded that there had been no promises, but that commitments made prior to the previous plea would cover this plea as well. "Yes," added the court, "twelve and a half to twenty-five years with consideration for cooperation given." Defendant then pleaded guilty to burglary in the first degree, giving full details to the January 20, 1976 crimes. On January 4, 1978, defendant was sentenced as a predicate felon to *concurrent* indeterminate sentences of 12½ to 25 years. The People did not make any recommendation as to sentence, but informed the court that the accomplice identified by defendant in the May 9, 1976 crimes had been apprehended and confessed, thus clearing the previous suspect. After an impassioned plea for leniency by defense counsel, the court reviewed the defendant's presentence report and noted the details of the *violent* crimes to which the defendant had pleaded guilty. The court remarked upon the *continuing* trauma suffered by the victims and noted the defendant's *lengthy* criminal history and his poor response to both probation supervision and brief periods of incarceration. It was also noted that defendant was under investigation for numerous other robberies and that his narcotic habit had not changed, despite his graduation in Daytop Village. The court determined that defendant was "an anti-social individual who appears to be involved in violent acting out * * * and shows little regard for the rights and property

of others," and that he "seems to lack remorse despite his protestations here and his statements of religious change." Accordingly, the court imposed sentence *in light of "the nature and circumstances" of the instant crimes and "the history and character of the defendant."* (Emphasis supplied.) After the court sentenced defendant to concurrent prison terms of 12½ to 25 years, defendant stated: "I wouldn't cop out to twelve and a half to twenty-five years if you told me I was going to get all that time." The court aptly and properly responded that defendant's understanding with the court was a matter of record. On appeal, defendant does not ask that his conviction be reversed or that he be permitted to withdraw his guilty plea. He merely asks this court to reduce his sentences, contending that the sentencing court erred in imposing a maximum sentence in disregard of the agreement reached at the plea hearing which provided that defendant plead guilty and co-operate with the prosecution in exchange for the court's consideration in reducing sentence. The majority view defendant's claim as having merit and decided to vacate the sentence on the ground that the record herein does not permit of a determination as to whether consideration was given to defendant's co-operation by the sentencing court. The record herein is clear and explicit and, if anything, is even more detailed than usual with respect to the plea bargain entered into. To state that there is no merit to the defendant's contention and that the record fully and fairly discloses adherence to the plea bargain, is to state the obvious, and to the extent that the majority seek to afford to defendant some possible further benefit in his endeavor to escape a justly deserved penal sanction, I strongly dissent. First, defendant did not receive the maximum time of imprisonment allowable. The Justice who sentenced defendant was *the same* Justice who took the pleas. He determined *not* to impose the instant sentences *consecutively* with the five-year maximum remaining on the sentence which defendant received on January 26, 1977. Thus, while defendant could have received a maximum term of 30 years, he was given a maximum term of 25 years. If, therefore, there was, as defendant now asserts, a commitment by the court to give him less than the maximum sentence, this commitment was in fact met. Second, there was no commitment by the court to any particular sentence. As the record clearly shows, the court only promised to consider whether or not the maximum sentence should be imposed for both guilty pleas. The record amply demonstrates that the court fulfilled its promise. Third, it would have been unreasonable and imprudent for the court to have promised a reduction in sentence. The instant crimes alone were, to put it bluntly, horrendous. No court could have reasonably agreed to a reduction in sentence without knowing, from a presentence report, whether this defendant's past included still other brutal and vicious crimes (see *People v Selikoff,* 35 NY2d 227, 238). Patently, there was no abuse of discretion by the sentencing court herein. In the instant crimes, defendant raped, robbed, sodomized and traumatized innocent people in their homes. At the time he committed these abhorrent acts, he was released under bail for another conviction for criminal possession of a dangerous weapon. The sentencing court clearly took *all* relevant factors into consideration in its sentencing of defendant. What is most perplexing about the majority position is not that they have found on this record that the court in its sentencing did not abide by a promise to give adequate consideration to defendant's co-operation—which finding would have no support in the record—but that they have characterized this clear and detailed record as inadequate for purposes of making a reasoned determination as to whether defendant was afforded the benefit of his plea bargain. The sentence which

was spoken of as the maximum was clearly an outside term of 30 years. Defendant received only concurrent terms having a maximum of 25 years, as the sentencing court did not direct (as it clearly indicated at plea that it might) that such concurrent terms be consecutive to the term being served on the possession of a dangerous weapon conviction. Clearly, the sentence imposed resulted in a benefit to the defendant. There is no justification for the exercise of discretion herein by the majority in vacating the defendant's deserved sentence, and such exercise may only be characterized as an abuse of discretion as a *matter of law,* having regard for the circumstances disclosed by the ample record herein. The balanced interrelation of a sense of justice with a sense of compassion is dictated by reason. Accordingly, I do not deem my sense of compassion to be misguided when I declare that my sense of justice is offended by the vacating of the sentence herein. The judgment of the Supreme Court, rendered January 4, 1978, convicting defendant of rape in the first degree and burglary in the first degree should be affirmed.